UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 22-CR-243

JUSTIN J. HUTCHERSON,

    Defendant.

## ORDER GRANTING LEAVE TO AMEND

On June 1, 2023, after entering pleas of guilty to Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i), Justin J. Hutcherson was sentenced to 78 months in the custody of the Bureau of Prisons (18 months on Count 1 with a mandatory minimum 5 years consecutive on Count 2). Judgment was entered on June 5, 2023. Hutcherson did not appeal his conviction, but on June 6, 2024, filed a pro se Petition for "DEFENDANT's MOTION CHALLENGING ELEMENTS OF 924(C); INEFFECTIVE COUNSEL; and ENTRAPMENT". Dkt. No. 23. The Court denied Hutcherson's motion on the grounds that he failed to allege any basis for relief under 18 U.S.C. § 3582(c)(1)(A), Fed. R. Crim. P. 35, or 28 U.S.C. § 2255. Citing *Castro v. United States*, 540 U.S. 375 (2003), Hutcherson, has filed a motion to reconsider in which he asks the Court to "reopen" his motion and allow him leave to amend in an effort to state a claim for relief under 28 U.S.C. § 2255.

Hutcherson's motion is granted. Section 2255(f)(1) provides that a one-year limitation period applies to motions brought under § 2255. The limitation period runs from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, judgment was entered in this case on June 5, 2023. Hutcherson did not appeal, which means the judgment became final when his time to appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Here, the time to appeal expired on June 19, 2023, fourteen days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A). Thus, absent one of the rare exceptions allowed under § 2255(f)(1), Hutcherson's time to seek relief under § 2255 expired on June 19, 2024. Hutcherson's motion for a sentence reduction was filed on June 6, 2024, well within the one-year time limitation. Although he did not designate his motion as a petition for relief under 28 U.S.C. § 2255, the court considered whether a claim under § 2255 was stated and concluded that the allegations were insufficient to state such a claim.

*Castro* holds that a district court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless the court informs the litigant of its intent to recharacterize his motion, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. 540 U.S. at 377. Although the court did not recharacterize Hutcherson's motion to reduce his sentence as a § 2255 motion, it did consider whether he had stated grounds for relief

2

under that section. Hutcherson's motion did assert claims which, though insufficient as pleaded, are the kind of claims that can entitled one to relief under § 2255. For this reason, and because the time to file a motion for relief under § 2255 has now expired, the court concludes that Hutcherson should be granted leave to amend his previously filed motion. Hutcherson will be allowed forty-five days from the date of this order to do so. In the event he fails to file an amended petition within that time, the order denying his original order will be final.

The Clerk is directed to include with Hutcherson's copy of this Order the District's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence form.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of July, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge